UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| PAUL CHRISTOPHER VINSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:04-cv-859 |
| | ) | |
| v. | ) | Honorable Wendell A. Miles |
| | ) | |
| KURT JONES, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| | ) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may sua sponte dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d) prior to ordering the respondent to answer. *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner currently is incarcerated in the Carson City Correctional Facility. On February 16, 1996, Petitioner was convicted in the Berrien County Circuit Court of first-degree felony murder and armed robbery. He was sentenced to a term of life imprisonment without the possibility of parole for the murder conviction and a parolable life term for the robbery conviction. The Michigan Court of Appeals affirmed his convictions on December 12, 1997, and the Michigan Supreme Court denied his application for leave to appeal on December 30, 1998.

On or about May 21, 1999, Petitioner filed his first habeas corpus petition in this Court. *See Vinson v. Jones*, No. 1:99-cv-386 (W.D. Mich.). The Court issued an opinion and judgment on July 26, 1999, dismissing the petition without prejudice as a "mixed" petition because it contained both exhausted and unexhausted claims.

Almost four years later, on May 15, 2003, Petitioner filed a motion for relief from judgment in the Berrien County Circuit Court. The court denied his motion on September 12, 2003. The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on March 11, 2004 and October 25, 2004, respectively.

Petitioner filed the instant habeas petition in the Eastern District of Michigan on or about November 8, 2004. The case was transferred because venue is proper in this District. Petitioner raises only one ground for habeas corpus relief. He contends that his trial and appellate counsel were ineffective for failing to raise a meritorious Fourth Amendment claim.

II.      Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA"). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to the petition, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on December 30, 1998. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See*

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

*Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on March 30, 1999. Petitioner had one year, until March 30, 2000, to file his habeas application. Petitioner filed the instant petition on or about November 8, 2004, more than four years after the statute of limitations expired.[2] Thus, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for *State* post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). Because a federal habeas petition is not form of "state" post-conviction review, Petitioner's previous habeas corpus action did not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes). Moreover, while 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or "restart the clock;" it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired on March 30, 2000, his motion for relief from judgment filed in 2003 cannot serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. April 28, 2000).

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner

---

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on November 8, 2004, and it was received by the Court on November 18, 2004. Thus, it must have been handed to prison officials for mailing at some time between November 8 and 18. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-1009. In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

In a line of cases beginning with *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit adopted a stay-and-abeyance procedure, which imposes a mandatory form of equitable tolling for the narrow group of cases in which a mixed petition is dismissed near or after the expiration of the AEDPA limitations period. The court determined that if such a petitioner files any unexhausted claims in state court within 30 days of dismissal and re-files in federal court within 30 days of exhaustion, the re-filed petition will automatically be considered timely. *See Griffin v. Rogers II*, 399 F.3d 626, 631 (6th Cir. 2005). Even if the mandatory equitable tolling does not apply, the district court may still equitably toll the limitations period based on traditional equitable factors. *Id.*

Petitioner is not entitled to the automatic equitable tolling mandated by *Palmer*, because he did not return to state court within thirty days of the dismissal of his first habeas action. Rather, Petitioner waited almost four years before he filed his motion for relief from judgment in the

Berrien County Circuit Court.  Moreover, applying the elements set forth by the Supreme Court in *Pace*, 125 S. Ct. at 1814, Petitioner cannot show that he is entitled to equitable tolling.  In light of the nearly four-year delay in bringing his motion for relief from judgment, it is impossible to find that Petitioner diligently pursued his rights.  Petitioner also fails to allege or show that some extraordinary circumstance stood in his way. In the form petition, Petitioner gave the following explanation for why his petition is not time-barred:  "My initial petition was dismissed without prejudice, i.e., no time limit for re-filing."  Petitioner misconstrues the meaning of a dismissal "without prejudice."  A dismissal with prejudice bars a subsequent action between the same parties or their privies on the same claim, but a dismissal without prejudice, although it constitutes a final termination of the first action, does not bar a second suit.  *See H.R. Technologies, Inc. v. Astechnologies, Inc*., 275 F.3d 1378, 1384 (Fed. Cir. 2002).  Petitioner, therefore, was free to file a second habeas corpus action, but was required to do so within the time provided by law.  In dismissing his first petition without prejudice, the Court did not reference the statute of limitations or suggest that Petitioner was not subject to the limitations period.  The fact that Petitioner is untrained in the law does not warrant tolling.  *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930.  This report and recommendation shall serve as notice that the District

Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

Date: June 21, 2005  　　　　　　　　　　　　　　　　/s/ Ellen S. Carmody  
　　　　　　　　　　　　　　　　　　　　　　　　　ELLEN S. CARMODY  
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).